UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHRISTOPHER FORD,

        Petitioner,                          Case No. 1:07-cv-195

v.                                                  Honorable Wendell A. Miles

CARMEN D. PALMER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it lacks merit on its face.

**Discussion**

Petitioner is incarcerated in the Riverside Correctional Facility. Petitioner is an active litigant in this Court, having filed more than twenty civil actions since 1994. In this case, Petitioner does not challenge the criminal convictions for which he presently is incarcerated. Rather, he complains about the conditions of his confinement. Specifically, Plaintiff claims that the Michigan Department of Corrections had placed a "medical hold" on him, which prevents him from being placed in a minimum security prison camp. Generally, habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Whereas, 42 U.S.C. § 1983 is used to constitutionally challenge the terms and conditions of confinement. *Id.* Because Petitioner's action concerns the conditions of his confinement, it must be brought as a civil rights action and is not the proper subject of a habeas corpus petition.[1]

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is without merit. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: April 18, 2007          /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge

---

[1] Petitioner may bring a civil rights action concerning his claim. Petitioner, however, may not proceed *in forma pauperis* in a civil rights action because he has "three strikes" within the meaning of 28 U.S.C. § 1915(g). As a result, Petitioner would be required to pay the $350.00 filing fee.

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).